Argued September 23, affirmed October 2, 1970

STATE OF OREGON, *Respondent, v.*
ERNEST GUY LEATON, *Appellant.*

474 P2d 768

*Richard Smurthwaite,* Eugene, argued the cause for appellant. With him on the briefs were Husband, Johnson & Frye, William Frye and A. Dean Owens, Eugene.

*Alan H. Johansen*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was indicted, tried and convicted for the crime of Presenting a Forged Check in violation of ORS 165.115. At the conclusion of the state's case he moved for a judgment of acquittal. Its denial constitutes the sole assignment of error. In the Notice of Appeal defendant states he "intends to rely upon the point that evidence of the publication of a check bearing a forged endorsement on the back is insufficient to sustain a conviction under an indictment alleging merely the publication of an instrument which is genuine on its face."

Pursuant to ORS 138.185 and ORS 19.088, the parties executed and filed in lieu of a transcript an Agreed Narrative Statement. We note that selection by the parties of this simple, economical and expeditious method of perfecting the appeal facilitates all aspects of the appellate process, including the work of the court reporters, of the lawyers, and of this court.

The Agreed Narrative Statement filed by the parties states:

> "Defendant was indicted, tried and convicted of presenting a forged bank check. The check in question (Ex A) was made and mailed in Seattle, Washington. It thereafter came into defendant's possession in Eugene, Oregon and he presented it

to a neighborhood grocery store where he traded, receiving groceries and money.

"The face of the check was genuine in all respects and the maker also testified that on the back she placed the following words:

> "Payment on Arlington property
> Int 1/10/69       $ 5.15
> Principal       $ 24.85
>
>       $ 30.00

"The endorsement on the back 'M. M. Baldwin Box 2342' was neither the payee's nor made with her authority, although there was no evidence of who did make this endorsement.

"There was otherwise sufficient proof of all elements of the crime contained in the indictment."

The statute (ORS 165.115) makes it a crime for any person with intent to injure or defraud knowingly to utter as true or genuine any false or forged instrument specified in ORS 165.105.

The latter includes among the writings therein described the following:

> "* * * * *
> "(4) Any * * * indorsement * * *.
> "(5) Any * * * check * * *.
> "* * * * *"

With respect to a check made payable to the order of a named payee, ORS 73.2020 provides:

> "(1) Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery *with any necessary indorsement* * *.
>
> "(2) An indorsement must be written by or on behalf of the holder and on the instrument or on a

paper so firmly affixed thereto as to become a part thereof.

"* * * * *." (Emphasis supplied.)

The indictment charged that the defendant:

"* * * with intent to injure and defraud, did then and there unlawfully and knowingly utter and publish as true and genuine to Bernice L. Jones of Jones Market, 347 West 13th Street, Eugene, Oregon, a false and forged bank check in words and figures as follows:

[Sets forth *in haec verba* a photostatic copy of all of both sides of a check payable to the order of a named payee including the signature of the maker and the signature of the payee as endorser on the back]

"the said defendant then and there well knowing said bank check to be false and forged * * *."

The indictment charged that the instrument was payable to the order of a named payee. ORS 73.2020, set forth above, makes the endorsement of the payee of such a check essential to its presentment and transfer as a valid instrument. The statement, supra, concedes that the defendant uttered and published the instrument knowing it to be false and forged. No demurrer was filed to the indictment attacking its specificity under ORS 135.630 (2), thus waiving any such contention. *State v. Holland*, 202 Or 656, 277 P2d 386 (1954).

Where, as here, the indictment sets forth the whole of the negotiable instrument alleged to have been forged, including as an integral part thereof the endorsement without which the check would not be a valid negotiable instrument under the Uniform Commercial Code, we think it sufficiently charges a violation of ORS 165.115, whether the proof be that the

signature of the maker or the required endorser, or each of them, was a forgery. *State v. Swank*, 99 Or 571, 195 P 168 (1921).

The motion for judgment of acquittal made at the close of the state's case was correctly denied.

The judgment is affirmed.