NIDA *v.* MICHAEL

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—HOLDER IN DUE COURSE—DEFENSES—UNIFORM COMMERCIAL CODE.

The status of a party as a holder in due course can be used as a defense under the Uniform Commercial Code in an action by the drawer to recover a payment made on a check (MCLA § 440.3307[3]).

2. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—DEPOSITORY BANK—HOLDER IN DUE COURSE.

A depository bank, which accepts a check from a customer as an agent for collection need not take by negotiation in order to be a holder in due course (MCLA § 440.3307[3]).

3. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—HOLDER IN DUE COURSE.

A bank which took a $21,000 check from the payee without his

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur 2d, Bills and Notes § 652.
[2, 3] 11 Am Jur 2d, Bills and Notes §§ 307, 403, 404.
[4] 11 Am Jur 2d, Bills and Notes § 594.

indorsement and paid the payee $5,000 and deposited $16,000 to his account is a holder in due course, unaffected by the drawer's defense of fraud in the inducement against the payee (MCLA § 440.3305[2]).

4. BILLS AND NOTES — NEGOTIABLE INSTRUMENTS — PAYMENT — DRAWEE.

A drawee bank which paid a check according to the genuine order of the drawer, where no stop order was made prior to payment and the drawee was not put on notice of any defense of the drawer against the payee prior to payment, had a right to charge the check to the drawer's account, and the drawer had no right to recover the payment back from the drawee when he discovered that the payee had committed fraud in the inducement (MCLA § 440.4401).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 April 7, 1971, at Detroit. (Docket No. 8889.) Decided June 21, 1971.

Complaint by Edmund A. Nida against William R. Michael, City National Bank of Detroit, and Manufacturers National Bank for breach of warranties on a negotiable instrument. Summary judgment for defendant banks, default judgment against defendant Michael. Plaintiff appeals the granting of summary judgment for defendant banks. Affirmed.

*Irving F. Keene,* for plaintiff.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *Charles F. Hosmer*), for defendant Manufacturers National Bank.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Eric J. Fauri*), for defendant City National Bank of Detroit.

Before: Lesinski, C. J., and V. J. Brennan and Danhof, JJ.

V. J. Brennan, J. From a summary judgment[1] in favor of defendants City National Bank ("City Bank") and Manufacturers National Bank ("Manufacturers") in an action for breach of statutory warranties arising out of the transfer and presentment of a negotiable instrument under the UCC,[2] plaintiff appeals.

The facts of the present controversy are not seriously in dispute. On November 7, 1968, the plaintiff, Edmund Nida, issued a check in the amount of $21,000 to the order of defendant Michael based upon the latter's fraudulent representations concerning a certain real-estate transaction. That same day Michael delivered the check without endorsing it to defendant City Bank, which paid him $5,000 in cash and deposited the balance to his account. City Bank stamped the back of the check "Pay any bank, banker, or trust company, prior endorsements guaranteed" and sent it to the drawee, Manufacturers, for payment. Manufacturers paid City Bank and deducted $21,000 from plaintiff's account. Four months later the plaintiff discovered he had been defrauded; he immediately notified the defendant banks of the situation. Defendant Michael had since departed for parts unknown.

In the lower court, plaintiff obtained a default judgment against defendant Michael in the amount of $21,000, but summary judgment was granted to both banks. Plaintiff appeals.

With respect to defendant City Bank, the decisive issue is whether a person induced by fraud to issue

---

[1] GCR 1963, 117.

[2] MCLA § 440.1101 et seq. (Stat Ann 1964 Rev § 19.1101 et seq.). Hereinafter, references to the Code will be by section number only.

a check to the order of a named payee may recover the amount of the check from a depository bank which in good faith gives value for the item but fails to require the payee's endorsement. Before we can reach this question, it must first be determined whether the status of a depository bank (as transferee, holder, holder in due course, or agent for collection) can be used defensively, and if so, what defendant City Bank's status was at the time it took the check.

There is much argument in the briefs of the parties concerning whether or not defendant City Bank was a holder in due course. But it is not clear from the Code that one's position as a holder in due course can be used defensively: the Code treats mainly the situation where a holder in due course is suing to recover from the drawer rather than *vice versa.* Where a person establishes holder in due course status, he is entitled to take free of personal defenses[3] such as the type of fraud perpetrated in this case. Contrariwise, can a holder in due course who has already been paid assert his status as a defense in an action by the drawer to recover back the payment? In *Bowling Green, Inc.* v. *State Street Bank & Trust Co.* (CA 1, 1970), 425 F2d 81, 83, the Court answered the question in the following way:

"We readily agree with plaintiff that the bank has the burden of establishing its status in all respects. Mass Gen Laws Ann c 106, § 3–307(3),[4] on which plaintiff relies to establish the defendant's burden, seems addressed primarily to cases in which a holder seeks to enforce an instrument, but Massachu-

---

[3] § 3–305(2).

[4] § 3–307(3) provides:
"After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

setts courts have indicated that the policy of § 3–307(3) applies whenever a party invokes the rights of a holder in due course either offensively or defensively. *Cf. Elbar Realty Inc.* v. *City Bank & Trust Co.* [1961], 342 Mass 262, 267–268 [173 NE 2d 256, 261]."

Thus, the Court is saying that holder in due course status *can* be used as a defense in a suit such as the present one. We agree with this analysis.

We must consider next whether defendant City Bank was a holder in due course at the time the check was deposited. Section 3–302 of the Code defines a holder in due course as a holder who takes an instrument for value in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. It is not claimed here that City Bank acted in bad faith or that it did not pay value.[5] Nor is it claimed that the bank had notice of the plaintiff's potential defense. The sole obstacle interposed is that City Bank was not a holder, because the check was not endorsed to it.

Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. § 3–202. Plaintiff contends that since instruments payable to order cannot be negotiated except by endorsement and delivery,[6] City Bank was not a holder and therefore not a holder in due course. As a general proposition, plaintiff is totally correct. However, when we are dealing with a depository bank which accepts a check from a customer as

---

[5] A bank pays value for the purposes of § 3–302 if it has a security interest in the item. § 4–209. City Bank obtained a security interest in the plaintiff's check when it advanced $5,000 in cash on it. See § 4–208(1)(c).

[6] § 3–302(1).

agent for collection it has been held that it need not take by negotiation in order to be a holder in due course. In the *Bowling Green* case, *supra,* 84, it was said:

"We doubt, moreover, whether the concept of 'holder' as defined in § 1–201(20) applies with full force to Article 4. Article 4 establishes a comprehensive scheme for simplifying and expediting bank collections. Its provisions govern the more general rules of Article 3 wherever inconsistent. Mass Gen Laws Ann c 106, § 4–102(1). As part of this expediting process, Article 4 recognizes the common bank practice of accepting unendorsed checks for deposit. See Funk, Banks and the UCC, 133 (1964). Section 4–201(1) provides that the lack of an endorsement shall not affect the bank's status as agent for collection, and § 4–205(1) authorizes the collecting bank to supply the missing endorsements as a matter of course. In practice, banks comply with § 4–205 by stamping the item 'deposited to the account of the named payee' or some similar formula. Funk, *supra,* at 133. We doubt whether the bank's status should turn on proof of whether a clerk employed the appropriate stamp, and we hesitate to penalize a bank which accepted unendorsed checks for deposit in reliance on the Code, at least when, as here, the customer himself clearly satisfies the definition of 'holder.' Section 4–209 does provide that a bank must comply 'with the requirements of section 3–302 on what constitutes a holder in due course', but we think this language refers to the enumerated requirements of good faith and lack of notice rather than to the status of holder, a status which § 3–302 assumes rather than requires. We therefore hold that a bank which takes an item for collection from a customer who was himself a holder need not establish that it took the item by negotiation in order to satisfy § 4–209."

Since it is clear that Michael, as payee, was himself a holder,[7] we conclude that City Bank was a holder in due course and unaffected by the plaintiff's merely personal defense of fraud in the inducement. In other words, we will not compel a bank to disgorge funds received from the drawer in collecting an item on which the bank could have successfully sued had the positions of the parties been reversed. The grant of summary judgment in favor of City Bank was proper.

We also feel that summary judgment was proper in the case of defendant Manufacturers. Manufacturers paid according to the genuine order of the drawer. As such it had the right to charge the item to his account. See § 4-401. No stop order was made prior to payment of the check,[8] nor was Manufacturers put on notice of any defense prior to payment.[9] Furthermore, the warranties arising on presentment or transfer of a negotiable instrument[10] upon whose breach plaintiff bases his case do not run in favor of a drawer of a check. Plaintiff has failed to state a claim upon which relief can be granted.

For the foregoing reasons, the judgments in favor of the defendant banks are affirmed.

Affirmed.

All concurred.

---

[7] § 1-201(20) provides:
" 'Holder' means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank."

[8] § 4-403.

[9] It should be noted that as a transferee of City Bank, a holder in due course, Manufacturers succeeded to all the rights of a holder in due course. § 3-201. See also § 3-418.

[10] § 3-417.