Argued August 23, affirmed September 28, 1972

# STATE OF OREGON, *Appellant, v.* A 1963 CORVETTE AUTOMOBILE (No. Cr. 5162), *Respondent.*

501 P2d 330

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Lawrence B. Rew,* Pendleton, and *Carl J. D. Bauman,* certified law student, University of Oregon, Eugene, argued the cause for respondent. On the brief were Corey, Byler & Rew, Pendleton.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This in rem proceeding was brought by the state to forfeit a vehicle under former ORS 475.120(2). The owner of the vehicle, Richard B. Montgomery, appeared pursuant to notice and filed an answer in bar raising specifically the defense of res judicata. The court upheld the plea in bar and entered judgment thereon dismissing plaintiff's complaint. Plaintiff appeals.

■ The case was presented pursuant to an agreed narrative statement of facts submitted in lieu of transcript. ORS 19.088; *State v. Leaton,* 3 Or App 475, 474 P2d 768 (1970). So far as here relevant it establishes that Montgomery was arrested on a traffic violation and taken to jail. There, as a part of the booking procedure, he was searched. The search revealed a hand-rolled marihuana cigarette in one of Montgomery's pockets, and a "baggie" containing loose marihuana in an amount slightly less than an ounce in another pocket. He was charged with and ultimately

convicted of illegal possession of both. In the course of that proceeding plaintiff sought and obtained an "order[1] of confiscation" of the Corvette vehicle from the circuit court pending the outcome of the case. Following the conviction the defendant moved in the criminal case for an order releasing the vehicle. The circuit court, after hearing, by memorandum opinion and order allowed the motion and ordered the car released to the defendant owner. No appeal was taken therefrom.[2] Subsequently, the plaintiff instituted this in rem proceeding.

The plea in bar asserted that the decision of the court in *State v. Montgomery* that the car not be forfeited was res judicata. The trial court so concluded and, as stated, entered a judgment of dismissal.

■ If we correctly understand the state's position, it is that the trial court in the criminal proceeding lacked jurisdiction to consider or decide the question of forfeiture. Thus, though the state itself in the criminal case both invoked the power of the court over the car before trial and thereafter urged entry of an order of forfeiture, it now takes the position that it was in error in doing so. It is clear that in order to collaterally attack a judgment of a court of general jurisdiction, lack of jurisdiction to enter the challenged judgment must appear on the face of the record. *State v. Briggs,* 245 Or 503, 420 P2d 71 (1967);

---

[1] The order was not made a part of the record on appeal.

[2] Whether an appeal from that order is authorized under former ORS 138.060 is not before us. Furthermore, it is for the legislature to provide when, and from what, if at all, the state may appeal in a criminal case. State v. Ellis, 3 Or 497 (1869); State v. Minnick, 33 Or 158, 54 P 223 (1890); State v. Foster, 229 Or 293, 366 P2d 896 (1961); State v. Briggs, 245 Or 503, 420 P2d 71 (1967).

*Van Natta v. Columbia County,* 236 Or 214, 388 P2d 18 (1963).

The state relies upon *State v. Hoffman,* 85 Or 276, 166 P 765, 1 ALR 1683 (1917). That case involved a direct appeal by the state in a criminal case from an order directing a verdict in favor of the defendant. No question of res judicata was involved. It did not involve, as this case does, an attempted collateral attack upon a judgment entered in a wholly separate proceeding.

■ Here the court in the criminal proceeding had jurisdiction of the parties. The state does not contend that the court lacked the jurisdiction to enter the order "confiscating" the car pending the outcome of the criminal case. Thus, in effect, it concedes the criminal court acquired at least a limited jurisdiction over the vehicle. The defendant Montgomery in the criminal case is also conceded to have been the sole legal and equitable owner of the car. Independently of that, however, an examination of ORS 167.247, formerly ORS 475.120, and related legislative history, satisfies us that the circuit court in the criminal case here did have jurisdiction to enter the challenged order. The language used in ORS 471.660 and 471.665 is nearly identical to the language used in former Title II, § 26 of The National Prohibition Act (Intoxicating Liquors, 27 USCA, § 40, repealed August 27, 1935, ch 740, Title I, § 1, 49 Stat 872). Generally, the cases which construed this federal statute concluded that there was concurrent subject matter jurisdiction over a vehicle in the criminal court to decide the forfeiture question. *United States v. Story,* 294 F 517 (5th Cir 1923); *United States v. One Stephens Automobile,* 272 F 188 (D Or 1921); *United States v. Brockley,* 266 F 1001

(MD Pa 1920). *See also, Chatham Motor Company v. Griffith,* 157 Ga 802, 122 SE 218 (1924).

■ We conclude, since the court had jurisdiction both over the parties and the subject matter, its judgment relating thereto cannot be collaterally attacked.

In *Capos v. Clatsop County,* 144 Or 510, 525, 25 P2d 903, 90 ALR 289 (1933), the Supreme Court said:

> "Judgments in criminal proceedings are immune from collateral attack to the same extent as other judgments. 15 R.C.L. 871, § 347; 34 C.J., Judgments, p. 517, § 821. A judgment of bail forfeiture is as free from collateral attack as are other judgments. * * *"

In *State v. Latta,* 241 Or 250, 405 P2d 367 (1965), the defendant was convicted of being a convicted person in possession of a concealable firearm. He appealed, asserting that in a post-conviction proceeding his prior conviction had been set aside. The state contended that the post-conviction court had entered its order erroneously. Conceding that the post-conviction court had acted erroneously, the Supreme Court said:

> "We hold that the state may not, in this case, make a collateral attack upon a final judgment of a trial court which set aside a conviction. Whether or not the 1958 conviction should have been set aside, the judgment which set it aside is now *res judicata.* Since that judgment cannot be collaterally attacked, the defendant is entitled to have the 1958 conviction removed from his record.

> "The state argues that the post-conviction judgment technically did not declare the 1958 conviction void. This is true. The judgment merely ordered the prisoner discharged. Again, however, the state is seeking belatedly to remedy an error that should have been remedied when committed. The prisoner was, in fact, discharged. The only legal ground for

his discharge under a post-conviction judgment was a judicial declaration that the conviction under which he was being held was void. Whether or not the post-conviction court used proper terminology in its judgment is irrelevant. The court erroneously ordered the warden to discharge a prisoner. The proper way to reach that error was by appeal. The failure to appeal forfeited the right of the state to question the judgment." 241 Or at 252.

Affirmed.