Argued November 20, reversed and remanded December 23, 1974,
reconsideration denied January 29, petition for review
denied February 11, 1975

# STATE ex rel HAAS, *Appellant, v.* ONE 1965 FORD AUTOMOBILE, OREGON LICENSE No. HBH 029, *Respondent.*

### 529 P2d 410

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Howard R. Lonergan,* Portland, argued the cause for respondent. With him on the brief was A. I. Bernstein, Portland.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

The state brought this *in rem* proceeding for the forfeiture of an automobile pursuant to ORS 167.-247, 471.660 and 471.665. The complaint alleged the statutory requisites that the automobile was used to transport marihuana with the knowledge of its operator, Gregory Feigion, who was subsequently convicted of criminal activity in drugs. The circuit court sustained the demurrer of Gregory and Jacob Feigion, the owner and lienholder of the automobile, respectively, and claimants herein, on the ground that the complaint failed to state a cause of action. Judgment was entered accordingly and the state has appealed.

The circuit court concluded that the complaint was deficient because it did not allege whether the state had moved for a forfeiture in the criminal action against Gregory Feigion or whether the court there had directed a forfeiture. Such allegations were required, the court reasoned, because the forfeiture proceedings set out in ORS 471.660 and 471.665 may be heard only upon the motion of the district attorney as a part of the criminal procedure. We disagree.

In *State v. A 1963 Corvette Auto.*, 10 Or App 630, 501 P2d 330 (1972), a civil *in rem* proceeding for automobile forfeiture, we held that because a related criminal conviction is a prior condition of forfeiture, the trial court had jurisdiction in the criminal proceeding to order forfeiture and that its order denying the state's motion for forfeiture was a bar to a later civil proceeding for forfeiture. We necessarily implied,

but did not hold, that there was concurrent jurisdiction to hear the matter either as part of the criminal proceeding or as a separate civil matter.

By the enactment of ORS 167.247, 471.660 and 471.665, the Legislature created a civil procedure for the forfeiture of vehicles used for the transportation of narcotics. Some of the semantic and syntactical aspects of the statutes indicate that the forfeiture may be adjudicated as a part of the criminal proceeding,[1] but the statutes do not require that such a practice be exclusive. The very nature of the *in rem* proceeding created by the statutes evidences a legislative contemplation that the prosecution and the forfeiture exist as distinct procedures which may be implemented in separate proceedings.[2] Different issues must be resolved

---

[1] For example:

ORS 571.660 contains these references to the court:

"(2) The [seizing] officer shall at once proceed against the person arrested, under the Liquor Control Act, in any court having competent jurisdiction, and shall deliver the vehicle or conveyance to the sheriff of the county in which seizure was made."

"(5) * * * [A]ny * * * person asserting a claim to rightful possession of the vehicle or conveyance seized, except the defendant, may move the court having ultimate trial jurisdiction over any crime charged in connection with the seizure to return the vehicle or conveyance to the movant."

ORS 471.665:

"(1) The court, upon conviction of the person arrested * * * shall, subject to * * * the ownership rights of innocent third parties, order a sale at public auction by the sheriff of the county of the property seized. * * *"

[2] Hence subsection (1) of ORS 167.247 deals with the obligation of a police officer to seize narcotics or dangerous drugs, arrest the offender, take them before the court and "make and file a complaint for any crime justified by the evidence obtained." Subsection (2) separately provides that any vehicle used for the transportation, possession or concealment of the narcotics or dangerous drugs "shall be forfeited to the state" as provided in ORS 471.660 and 471.665.

in each. In the criminal proceeding, guilt or innocence must be decided beyond reasonable doubt. In the forfeiture proceeding, the issue is whether the vehicle was used for unlawful transportation, possession or concealment of the contraband and, if so, the knowing consent of the owner must be established by "clear and convincing evidence," ORS 471.660 (6). Also, because the interests of liberty and property are protected according to different considerations, the state has a broader right to appeal in the forfeiture proceeding, ORS 19.010 and 19.020, than it has in a criminal proceeding, ORS 138.060. The two judicial determinations are separate, the facts do not necessarily coincide, the procedural requirements differ, and the statutes allow, but do not require, that they be adjudicated in the same proceeding.

The allowance of such an option makes good procedural sense. We recognized in *Corvette* that in some cases, particularly those where all the facts requisite to the forfeiture are heard in the course of the criminal proceedings, judicial expedition is well served by allowing the state to move for forfeiture as part of the same case. This case, however, illustrates the distinction. Here, the criminal conviction is based on a guilty plea and such considerations of judicial economy do not apply. There was no prior hearing of the facts and this separate proceeding is not duplicative. To have added the forfeiture proceeding to a guilty plea proceeding would have served only to delay the judgment and to have created issues for an appeal of the criminal judgment which would not otherwise have existed, ORS 138.050. We see no useful purpose to be served by such a requirement in a case such as this.

Therefore, we conclude that under ORS 471.660 and 471.665, the state is not required to move for forfeiture in the criminal proceeding but rather may choose to proceed in a separate civil action.⑨

Reversed and remanded.

---

⑨ Such a result is in accord with the cases under former Title II, § 26 of the National Prohibition Act (Intoxicating Liquors, 27 USCA § 40, repealed August 27, 1935, ch 740, Title I, § 1, 49 Stat 872), which, as we noted in *Corvette*, is nearly identical to ORS 471.660 and 471.665. *Cf. Various Items v. United States*, 282 US 577, 51 S Ct 282, 75 L Ed 558 (1931); *The Harbour Trader*, 42 F2d 858 (2 Cir 1930); *United States v. Story*, 294 F 517 (5 Cir 1923).