Submitted on record and appellant's brief August 25,
affirmed September 10, 1975

STATE OF OREGON, *Appellant, v.* GREGORY
LEON BURFORD (No. 44721), *Respondent.*

539 P2d 1159

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance by respondent.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, P. J.

The state appeals from an order of the circuit court denying a motion for sale of a 1964 Chevrolet automobile allegedly used for transportation of illegal marihuana.

The evidence essentially was that on November 7, 1974 two undercover officers purchased marihuana from defendant in a house where they were waiting for him, that they came to the house in one vehicle and no other vehicle was parked in the area when they parked, that they saw the lights of another vehicle which pulled up and stopped while they were in the house, that defendant and a companion came into the house from that direction, that defendant had the marihuana and they bought it from him, that the vehicle in question was parked behind theirs and had to be moved before they left, and that that vehicle was registered as belonging to defendant. They did not see defendant in the vehicle or see him actually leave it before coming into the house. On November 10, 1974 defendant was arrested and the vehicle was seized and searched. No contraband was found in it on that date.

The circuit court found

"* * * that there was no seizure [on November 7] and there is insufficient evidence that any contraband was being transported in the car and no evidence that it was being used to transport contraband on November the tenth, when it was seized. There is insufficient evidence, although there is some evidence, that it was being used to transport contraband on November the seventh * * *."

The state claims error in that (1) the court ruled seizure must have occurred "as soon as the police were aware that it was being used to transport narcotics" and (2) it erred in its holding of insufficient evidence of the narcotics being in the vehicle on November 7.

(1) We do not think a fair construction of the order is that it holds the seizure *must have* immediately followed awareness. All we read therein in that

regard is that the police did not seize at the time of maximum awareness on November 7, 1974. If the state were correct in its interpretation of the order in this regard, we would seriously consider its contention, for it seems unreasonable to expect the state to interrupt ongoing drug investigations—and almost inevitably render some of them ineffective—by making an instant seizure in all cases at the moment officers become aware a vehicle is being used to transport illegal drugs.

(2) The statutes authorizing seizure of vehicles transporting drugs are ORS 167.247(2), 471.660 and 471.665. Paraphrasing the part of these statutes concerning the arrest and seizure, it is provided that "[w]hen any * * * officer discovers any person in the act of transporting [narcotics] in violation of law, in * * * any vehicle * * * he shall seize [the narcotics] * * * take possession of the vehicle * * * and arrest any person in charge thereof." ORS 471.660(1).

The trial court may have construed this language to mean that the officers must *literally* have seen the contraband in the vehicle in order to take possession of the latter, but we doubt it. Its oral statement was that there was "some" but "insufficient" evidence. We think there was enough evidence upon which to base an inference that the contraband was in the vehicle and this is so under the rule noted in *State ex rel Haas v. One 1965 Ford,* 19 Or App 879, 529 P2d 410 (1974), Sup Ct *review denied* (1975), that the evidence in this type of proceeding must be "clear and convincing." ORS 471.660(6). However, the trial judge is the finder of facts in this type of proceeding. While we may have drawn different inferences from the evidence than he did, his finding is based on evidence, and we may not substitute our judgment for his.

Affirmed.