Argued October 24, 1975, affirmed January 12, 1976

STATE OF OREGON, *Respondent,*
*v.*
LARRY MACK GASKEY, *Appellant.*
(No. 45264, CA 4617)
544 P2d 182

*M. M. Orona,* Lebanon, argued the cause for appellant. With him on the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

The defendant appeals from an order by the Circuit Court of Linn County finding that he is an habitual traffic offender. ORS 484.705; 484.720. We affirm.

In a narrative statement in lieu of transcript the parties agree that defendant had been convicted within a five-year period of driving under the influence of intoxicating liquor and of reckless driving and that defendant's deposit of $155 in lieu of bail had been forfeited by the Municipal Court for Sweet Home, Oregon, on a third offense, reckless driving. ORS 484.705 provides, as pertinent here, that an habitual offender is one who within a five-year period has been convicted of or forfeited bail for three or more specified offenses.

As pertinent here, ORS 484.030(2) provides that "* * * city court[s], for offenses committed within * * * the city, have * * * jurisdiction of all state traffic offenses * * *." Defendant does not contend that the municipal court did not have jurisdiction of the offense involved here. Rather, his contention is that it did not have authority to forfeit bail. He concedes that he is properly within the Habitual Traffic Offenders Act, ORS 484.705-484.720, if the municipal court "forfeiture" was proper.

Defendant contends that the forfeiture of his bail deposit was improper because he did not intend to have his deposit forfeited and extenuating circumstances should excuse him for his failure to appear in court at the time set for hearing. He claims that in any event the law does not authorize bail forfeiture for the offense of reckless driving.

It is true that no express provision is made in the statute for bail forfeiture on a reckless driving charge. ORS 484.230 authorizes the issuance of a warrant for the arrest of a person who fails to appear but the statute does not compel the court to issue a warrant. ORS

[ 3 ]

484.190(1)[1] mandates an appearance by defendant on a charge as serious as reckless driving but we construe this to be a limitation on the options available to a defendant who receives a traffic summons,[2] not as precluding the court from ordering a forfeiture of his bail deposit if the defendant, in fact, does not appear in court at the time directed in the citation. A court has authority to order a forfeiture of bail upon failure to appear as required by a traffic citation.[3] This rule is stated as follows in 8 CJS 154, 155, Bail § 53 (1962), Disposition [of Deposit]:

> "The deposit may be forfeited in the event that the person bailed fails to comply with the conditions to secure the fulfillment of which the deposit was made * * *."

■ As to defendant's other contention, defendant did not seek reconsideration of the Sweet Home Municipal Court's order of bail forfeiture.

Affirmed.

---

[1] ORS 484.190(1) provides:

"(1) The defendant shall appear in court at the time mentioned in the summons if the citation is for:

"(a) A major traffic offense.

"(b) Any felony."

[2] ORS 484.230 provides that unless the court issues a warrant for arrest within 60 days from the date of the order of forfeiture, the order of forfeiture shall be deemed the final disposition of the case.

[3] A court of justice has statutory authority to compel obedience to its orders and process and to use such means as are necessary to carry its jurisdiction into effect. ORS 1.010, 1.160.