Submitted December 8, reversed and remanded December 20, 1976

## STATE OF OREGON, *Appellant,*
### *v.*
## MICHAEL LEONARD CREDITOR, *Respondent.*
## (No. 421-139, CA 6180)

557 P2d 686

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Catherine Allan, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The state appeals from the circuit court's dismissal of civil proceedings seeking to declare defendant an habitual traffic offender under ORS 484.700 et seq.

Between October 25, 1973 and August 12, 1975, defendant was cited on four separate occasions for driving with a suspended license. Although each citation led to a conviction, two of the convictions resulted from bail forfeitures. In this proceeding defendant collaterally attacked these two convictions by arguing that they were the result of inadvertent failures to attend scheduled court appearances rather than an intent to forfeit bail. The trial court refused to recognize the two convictions because "the defendant did not specifically agree that the said bail forfeitures should be a final disposition of said offenses," and therefore dismissed the proceedings.

The proceedings should not have been dismissed. It is well settled that " '* * * [a] judgment of bail forfeiture is as free from collateral attack as are other judgments. * * *' " *State v. A 1963 Corvette Auto.,* 10 Or App 630, 634, 501 P2d 330 (1972), quoting from *Capos v. Clatsop County,* 144 Or 510, 525, 25 P2d 903, 90 ALR 289 (1933). Here, the fact that defendant failed to attend scheduled court appearances provides no basis for allowing collateral attacks on the convictions which resulted from bail forfeitures. *See State v. Gaskey,* 24 Or App 1, 544 P2d 182 (1976).

Reversed and remanded.