Argued June 9, affirmed November 16, 1966, petition for
rehearing denied January 31, 1967

# STATE OF OREGON *v.* JOHN SCOTT BRIGGS

420 P. 2d 71

*Hayes P. Lavis,* Astoria, argued the cause and filed a brief for appellant.

*George F. Cole,* Deputy District Attorney, Astoria, argued the cause for respondent. With him on the brief was Thomas E. Edison, District Attorney, Astoria.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and HAMMOND*, Justices.

PERRY, J.

The defendant John Scott Briggs was convicted of

---

* Hammond, J., did not participate in the decision of this case.

the crime of assault and robbery while armed with a dangerous weapon. The crime was committed and the defendant taken into custody in Clatsop county. At the time of the commission of the crime defendant was 17 years of age and upon arrest came under the exclusive jurisdiction of the juvenile court.

On December 11, 1964, William M. Powell, an officer of the Oregon State Police, filed a petition in the district court having juvenile jurisdiction, alleging the name, age and address of the defendant, and accused the defendant of assault and robbery while armed with a dangerous weapon.

On the same day the juvenile department of the district court entered findings to the effect that defendant was 17 years of age, was accused of a felonious crime and that the best interests of the child and the public would not be served by the juvenile court retaining jurisdiction. The juvenile court then issued its order of remand.

The defendant was subsequently indicted and tried in the circuit court for the crime of which he was convicted.

On this appeal the defendant contends that the order of remand was invalid and, therefore, the circuit court was without jurisdiction to try the defendant, since until there is a proper remand to the circuit court the exclusive jurisdiction of the defendant remains in the juvenile court.

The defendant bases his contention of the invalidity of the remand upon a claim that no formal hearing was had in the juvenile department of the district court and from this draws the conclusion that the circuit court never obtained jurisdiction of the defendant.

■ It is therefore apparent that defendant's contention as to the circuit court's lack of jurisdiction is based upon a claim of irregularity in the proceedings had in the juvenile department of the district court. The attack thus made in the circuit court is a collateral attack upon the judgment entered in the juvenile court.

The order of remand entered in the juvenile department states all of the jurisdictional facts required for that court's exercise of jurisdiction. It also shows that a hearing was had.

■ It is well settled that in a collateral attack upon the judgment of a court of general jurisdiction the court's lack of jurisdiction to enter the judgment must appear on the face of the record. *Van Natta v. Columbia County,* 236 Or 214, 216, 388 P2d 18; *Unander v. Stackpole et al.,* 208 Or 63, 71, 229 P2d 612; *Anderson, Adm. v. Clough et al.,* 191 Or 292, 300, 230 P2d 204; *Capos v. Clatsop County,* 144 Or 510, 523, 25 P2d 903, 90 ALR 289.

■ If the defendant was of the opinion that the juvenile department of the district court of the state of Oregon for the county of Clatsop erroneously exercised its jurisdiction in issuing the order of remand, then it was his privilege and duty to appeal that order.

In *State v. Little,* 241 Or 557, 559-560, 407 P2d 627, we held that an order of remand is a "final order as far as the juvenile court is concerned," and is appealable under the provisions of ORS 419.561, which provides in part that:

> "(1) Any person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. * * *
> "* * * * * *
> "(3) The appeal may be taken by filing an in-

formal notice of appeal with the clerk of the juvenile court. The notice shall be filed not later than 30 days after the entry of the court's order. * * *"

The record discloses that upon arrest defendant was informed of his right to counsel and that counsel was appointed for the defendant prior to the expiration of the time for giving notice of appeal from the order of remand.

■ It has been the long-established law of this state that, although the constitution of this state provides for appeals from trial courts, the provisions of the constitution are not self-executing, and, where the legislature has determined the extent of review and the manner in which appeals may be taken, it must appear from the record that the extent and method prescribed by the legislature has been followed, otherwise a reviewing court is without jurisdiction to review the judgments of a lower court. *State v. Endsley,* 214 Or 537, 331 P2d 338; *Schaefer v. Montgomery Ward & Co.,* 167 Or 679, 120 P2d 235; *Portland v. Gaston,* 38 Or 533, 63 P 1051.

■ Since the legislature has provided for appeals from all final judgments entered by juvenile courts and the defendant has not availed himself of that legislative grant in the manner prescribed, this court is without jurisdiction to determine the issue of the validity of the order of remand entered by the juvenile court.

■ The defendant called as a witness one William C. Nicholson, who was involved with the defendant in the commission of the crime charged. The state had rested without calling Nicholson. Nicholson testified he had not been asked "to be a witness for the State of Oregon." He was then asked by the defendant:

"Q   At any time, did you intend to testify against Johnny Briggs?"

to which an objection was made and sustained by the trial court. The defendant then asked the witness:

"Q   If you were called as a witness, would you testify against Johnny Briggs?"

An objection was again interposed by the state and sustained by the trial court.

The sustaining of this objection is assigned as error by the defendant because, he argues, he was entitled to impeach the testimony of the accomplice.

The mere fact that the witness called was an accomplice will not entitle the defendant to impeach his own witness.

■ ORS 45.600 provides a witness may only be impeached by the party against whom he was called. This is a statement of the general rule prevailing in most jurisdictions and is applicable to criminal as well as civil proceedings. *State v. Cummings,* 205 Or 500, 288 P2d 1036, 289 P2d 1083; *People v. Denton,* 22 Cal App2d 673, 72 P2d 191; *State v. Gulbrandsen,* 238 Minn 508, 57 NW2d 419; *Bateman v. United States,* 212 F2d 61.

An exception of the rule arises when it appears from the testimony given that the witness is in fact hostile or the party has been misled or surprised and prejudiced thereby, and justice and fairness demands the right of impeachment. *People v. Spinosa,* 115 Cal App2d 659, 252 P2d 409. No such showing appears in this case.

■ The defendant has assigned as error the fact that the trial court did not instruct the jury as to lesser included offenses.

■ If the defendant desires instructions on lesser included offenses contained in the crime charged, the

burden of requesting such instructions rests with the defendant. *State of Oregon v. Gray,* 212 Or 175, 318 P2d 570; *State of Oregon v. Nodine,* 198 Or 679, 259 P2d 1056.

Judgment of the trial court is affirmed.