IN THE INTEREST OF JOHN DOE I,
BORN NOVEMBER 2, 1948.

No. 4724.

September 26, 1968.

Richardson, C.J., Marumoto, Abe,
Levinson, JJ., and Circuit Judge
Wong Assigned by Reason of Vacancy.

OPINION OF THE COURT BY MARUMOTO, J.

In this matter, involving a male minor, born November 2, 1948, who is alleged to have committed an offense which would be murder in the first degree or murder in the second degree, if committed by an adult, the Family Court of the First Circuit, after an extensive hearing lasting six days and reported in 650 pages of transcript, and upon consideration of a social record of 300 pages, entered an order waiving its jurisdiction over the minor with respect to the alleged offense and holding him for criminal proceedings in the circuit court. The case is before this court on the minor's appeal from that order.

The order was entered upon the petition of the court's probation officer, who now moves to dismiss the appeal on the ground that the order lacks the finality which makes it appealable.

In our opinion, the order is appealable. We agree with the statement in *Hoier* v. *Kaplan*, 313 Ill. 448, 450, 145 N.E. 243, 244 (1924), that the test of appealability is "whether the decree or order appealed from determines the ultimate rights of the parties, with respect to distinct matters which have no bearing on other matters left for further consideration."

This court expressed the same thought in *Dole* v. *Gear*, 14

Haw. 554 (1903), where, in holding an order for temporary alimony appealable, over an objection that it was interlocutory, it stated, on page 566, as follows:

"* * * The answer to [the objection] is that the decree or order is final in its nature, though it is not the last decree in the case or even the decree that determines the merits of the main case. It is independent of the main case in that the final decree in the main case cannot affect it and that it in no way depends on the ultimate result or the merits of the main case. * * *"

Here, the waiver order has determined adversely to the minor his ultimate right to non-criminal processes with respect to the accusation against him, and this determination has no bearing on the matter which has been turned over to the circuit court for adjudication, namely, the minor's guilt or innocence of the alleged offense.

The petitioner relies on *Kent* v. *Reid,* 316 F.2d 331 (1963), which ruled that an order of the District of Columbia Juvenile Court, waiving its jurisdiction over a minor accused of committing a felony and holding him for trial in the district court, was not appealable to the municipal court of appeals. The reliance is misplaced, for that case is inapposite. The ruling there is based on an interpretation of a statutory scheme different from ours.

The statute involved in *Kent* v. *Reid,* being District of Columbia Code § 11-1553, provides that the court to which a minor is held over for trial "may exercise the powers conferred upon the Juvenile Court * * *." As construed in court decisions predating that case, this statute authorized the district court to make a de novo determination of a minor's right to non-criminal processes. Thus, the juvenile court order in that case did not finally withdraw non-criminal processes from the minor.

The situation here is quite to the contrary. Our statute does not authorize the circuit court, as such, to exercise the powers conferred upon the family court, in the treatment of a minor held for criminal proceedings there. That being the case, once the family court waives its jurisdiction, all of the safeguards

accorded a minor are gone, and the minor's only recourse for the preservation of those safeguards is appeal to this court for reversal of the family court order.

It is argued that the minor may appeal from the circuit court judgment, if it should be adverse to him. However, there is some question whether a family court order can be reviewed on an appeal from a circuit court judgment. Even if such review is possible, the right to such review is a hollow one, for, by then, many of the safeguards, including freedom from adverse publicity, would have been irretrievably lost.

We think the following statement in *Cohen* v. *Beneficial Loan Corporation,* 337 U.S. 541, 546 (1949), is apposite here:

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

The motion to dismiss appeal is denied.

*Alana W. Lau,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General, with her on the brief), for State of Hawaii, for the motion.

*Michael R. Sherwood,* Associate Counsel, Legal Aid Society of Hawaii *(Ronald Y.C. Yee,* General Counsel, with him on the brief), for juvenile-appellant, contra.