134 N.J. Super. 64 (1975)
338 A.2d 224
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
RALPH EVANGELISTA, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided April 25, 1975.
Mr. John M. Polloway, Assistant Prosecutor, for plaintiff (Mr. James M. Coleman, Jr., Prosecutor of Monmouth County, attorney).
Mr. Howard Schwartz for defendant Ralph Evangelista.
*65 McGOWAN, A.J.S.C.
Defendant was indicted for assault with intent to kill, assault with a dangerous weapon; atrocious assault and battery, possession of a dangerous weapon and conspiracy to commit an atrocious assault and battery.
A juvenile transfer hearing was held on December 4, 1974 before the Juvenile Court judge pursuant to N.J.S.A. 2A:4-48 and R. 5:9-5.
This motion to dismiss the indictment is based upon alleged violations of defendant's right to due process of law by the admission of hearsay testimony at his transfer hearing.
Before approaching the substantive issue concerning the alleged due process violations, however, the question of whether this court has the jurisdiction to hear this type of case on a motion to dismiss or whether the proper procedure should be by appeal to the Appellate Division must be discussed.
N.J.S.A. 2A:4-40 provides that "An appeal may be taken from any final order or judgment of the juvenile and domestic relations court to the appellate division of the superior court." See also R. 2:2-3, providing that final judgments of the the Juvenile and Domestic Relations Court may be appealed to the Appellate Division.
The question is, then, whether the decision to transfer the juvenile is a final order or judgment within the intendment of the above statute and rule.
The problem has not been directly approached by any New Jersey decision. However, see State v. Loray, 46 N.J. 179 (1965); State v. Van Buren, 29 N.J. 548 (1958), and State v. Tuddles, 38 N.J. 565 (1962).
The courts of other jurisdictions have been confronted with this question, and the majority consider these orders final orders or judgments and permit direct appeal therefrom. See P.H. v. State, 504 P.2d 837, 839 (Alaska Sup. Ct. 1972); In re Doe I, 50 Hawaii 537, 538, 444 P.2d 459, 460 (Sup. Ct. 1968); Templeton v. State, 202 Kan. 89, 91, 447 P.2d 158, 161 (Sup. Ct. 1968); Aye v. State, 17 Md. *66 App. 32, 36, 299 A.2d 513, 517 (Ct. of Spec. App. 1971); In re Doe, 86 N. Mex. App. 37, 519 P.2d 133 (Ct. App. 1974), and extensive citation of cases contained therein.
The rationale employed in these decisions is that an order of the juvenile court waiving jurisdiction is an appealable final judgment because it terminates further consideration in that court. P.H. v. State, supra at 839.
A minority of states do not permit a transfer to be considered a final order or judgment, the rationale being that by permitting appellate review the primary issue (guilt or innocence) is deferred while the question of punishment appropriate for a defendant who has not yet been convicted is being litigated in the reviewing courts. See People v. Jiles, 43 Ill.2d 145, 148, 251 N.E.2d 529, 531 (Sup. Ct. 1969); In re T.J.H., 479 S.W.2d 433, 434 (Mo. Sup. Ct. 1972); In re Becker, 39 Ohio St.2d 84, 85, 314 N.E.2d 158, 159 (Sup. Ct. 1974). In those states the indication is that the matter should be raised after criminal conviction, see In re Becker, supra 39 Ohio St. at 160, 314 N.E.2d 158, a practice which our Supreme Court seemed to frown upon in State v. Loray, 46 N.J. supra at 190-191, and upon which the Becker court specifically declined to rule (114 N.E.2d at 143).
The New Jersey courts have permitted direct appeal from referral hearings in the past. See State v. Van Buren, State v. Tuddles and State v. Loray, all supra.
In State v. Loray the court was dealing with an appeal of the State from a hearing of post-conviction relief in which the County Court vacated the judgment of the trial court and remanded a juvenile for a proper transfer hearing. In discussing defendant's method of attacking the referral hearing, the court stated (at 190), "He could have made an appropriate attack long before." The court also stated:
Although Tuddles, with its holding of the necessity for counsel and also of the right to challenge and reopen the referral hearing after indictment (but before trial in that case), was not decided until *67 after Loray's conviction, Van Buren, which was an appeal from a referral order after indictment, had been on the books for almost three years prior to the order in the instant case. Loray was indicted a few days after the referral and counsel was assigned him in the criminal court shortly following, who could then have raised the validity of the referral proceeding by a timely appeal.
The remand order is modified. [46 N.J. at 191]
A direct appeal from the transfer hearing would seem to be the proper method of review of the proceedings.
Defendant argues, however, that the holding in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), in which the Supreme Court approved of the court of appeals decision in Kent v. Reid, 114 U.S. App. D.C. 330, 316 F.2d 331 (D.C. Cir.1963), should control.
In Kent v. Reid the Court of Appeals held (at 344, 345) that a motion to dismiss the indictment was the proper method of review of referral hearings, basing its determination on the delay factor and the fact that the controversy between the parties was not finally adjudicated.
In the case of In re Doe I, supra, the Supreme Court of Hawaii discussed and specifically distinguished Kent v. Reid as follows:
The statute involved in Kent v. Reid, being District of Columbia Code § 11-1553, provides that the court to which a minor is held over for trial "may exercise the powers conferred upon the Juvenile Court * * *." As construed in court decisions predating that case, this statute authorized the district court to make a de novo determination of a minor's right to non-criminal processes. Thus, the juvenile court order in that case did not finally withdraw non-criminal processes from the minor.
The situation here is quite to the contrary. Our statute does not authorize the Circuit Court, as such, to exercise the power conferred upon the family court, in the treatment of a minor held for criminal proceedings there. That being the case, once the family court waives its jurisdiction, all of the safeguards accorded a minor are gone, and the minor's only recourse for the preservation of those safeguards is appeal to this court for reversal of the family court order. It is argued that the minor may appeal from the circuit court judgment, if it should be adverse to him. However, there is some question whether a family court order can be reviewed on an appeal from a circuit court judgment. Even if such review is possible, the *68 right to such review is a hollow one, for, by then, many of the safeguards, including freedom from adverse publicity, would have been irretrievably lost.
It must be observed that the New Jersey statutes do not permit any de novo determination after the matter has left the Juvenile Court.
In light of the prevailing view in the country that transfer orders are to be considered final orders, directly appealable to an appellate tribunal, and in view of the past approval of the New Jersey Supreme Court concerning direct appeal of these orders, this court now holds that said orders should be considered final orders or judgments, and therefore the proper forum to hear a motion of this nature is the Appellate Division.
Defendant's motion for dismissal of the indictment is accordingly denied.