**PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**William E. KINGSBURY, Defendant-Appellant.**

No. 79–1585.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 1980.

Decided June 29, 1981.

---

Howard G. Trapp, Kenneth E. North, Crain, Moore & Layne, Agana, Guam, for defendant-appellant.

Richard B. Michelsen, Agana, Guam, argued for plaintiff-appellee; Kenneth E. North, Agana, Guam, on brief.

Before TANG, SCHROEDER and POOLE, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an appeal from a decision of the District Court of Guam, Appellate Division, affirming a Guam juvenile court decision certifying the appellant, William Kingsbury, to stand trial as an adult. Because Kingsbury was seventeen years old at the time of the alleged crime, he was originally brought before the juvenile court in Guam. Guam Code Civ.Proc. §§ 251, 252. The ju-venile court, after a hearing on Kingsbury's amenability to treatment as a juvenile ruled, pursuant to Guam Code Civ. Proc. § 255, that the appellant should stand trial as an adult. Appellant challenges that determination on the ground that the juvenile court's failure to conduct a full investigation into his motive constituted a denial of due process.

The appellee asserts, first, that this Court lacks jurisdiction of the appeal because it is an interlocutory decision of the District Court of Guam, and, second, that the juvenile court was correct on the merits. We hold that we have jurisdiction on the appeal from the district court's decision, and we affirm its holding that the appellant should stand trial as an adult.

The threshold question is one of jurisdiction. While we conclude that some review by the district court at this stage was clearly authorized, the question of this Court's jurisdiction to review the district court under 28 U.S.C. § 1291 is more complex.

The matter was originally brought to the district court by the appellant on March 6, 1979, as an appeal from the certification order of the juvenile court. The jurisdictional basis for that appeal lies in Guam Code Civ.Proc. § 272 which provides that a party aggrieved by an order of the juvenile court may file a notice of appeal with the district court.[1]

On March 15, 1979, appellant was indicted in the superior court of Guam. Appellant sought review of the denial of his motion to dismiss the indictment. He petitioned the district court for a writ of mandate under Guam Crim.Proc. Code § 65.17.[2] The dis-

---

1. Guam Code Civ. Proc., Title V, Juvenile Court, Chapter I, General Provisions, Section 272 provides in part:

   An interested party aggrieved by order or decree of the court may apply to the District Court of Guam for the allowance of an appeal, and the said court may allow such appeal whenever in the opinion of said court the order or decree ought to be reviewed.

2. The petition for writ was consolidated with the section 272 appeal. Guam Crim.Proc. Code, Chapter 65, Pleadings and Motions, Section 65.15 provided in part:

   Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the Judge. The following shall be raised prior to trial: (a) Defenses and objections based on defects in the institution of the prosecution;

   Section 65.17 provided:
   (a) Prior to trial, a party may apply for review of an adverse ruling made pursuant to subsections (a) through (c) of Section 65.15 by means of a petition for writ of mandate or prohibition unless the court, prior to the time

trict court reviewed the juvenile court proceedings and decided there had been no error.

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over appeals from final orders of the District Court of Guam. In *Corn v. Guam Coral Co.*, 318 F.2d 622 (9th Cir. 1963), we held that appellate jurisdiction extends to orders of the district court sitting in both its capacity as a federal court and in its capacity as an appellate court for the Guam territorial courts. Because our jurisdiction is limited to final orders we must consider whether the decision of the district court in this case is a final decision as to the propriety of the appellant's trial as an adult.

We view the finality standard to be applied as analogous to the standard applied by the United States Supreme Court to test the finality of state court judgments pursuant to 28 U.S.C. § 1257. Under the standards traditionally applied to section 1257, the fact that a decision is a final decision of the highest state court does not necessarily mean that the decision is final for section 1257 purposes. Thus, the Supreme Court has generally refused to review a state appellate decision where further state court proceedings are pending. *See, e. g., California Nat'l. Bank v. Stateler*, 171 U.S. 447, 449, 19 S.Ct. 6, 7, 43 L.Ed. 233 (1898).

The Supreme Court has also held, however, that such decisions are final for section 1257 purposes where the claim on appeal has been finally litigated in a state appellate court and may not be raised on appeal again after the end of subsequent state proceedings. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 482, 95 S.Ct. 1029, 1039, 43 L.Ed.2d 328 (1975). Appealability here therefore turns on whether Guam law requires a juvenile to question the propriety of standing trial as an adult before the trial takes place and precludes him from raising the issue on post-conviction appeal. The relevant Guam statutes and precedent do not provide a clear answer to this question. Guidance can be found, however, by examining judicial interpretations of similar statutes in other jurisdictions.

There is no unanimity among state courts as to the propriety of pretrial review when a juvenile is ordered to be tried as an adult. The IJA–ABA Juvenile Justice Standards Project advocates pretrial review. *See* Institute of Judicial Administration and American Bar Association Joint Commission on Juvenile Justice Standards, Standards Relating to Transfer Between Courts § 2.4 (Tent. Draft 1977). Such review is permitted in at least fourteen jurisdictions.[3]

---

review is sought, has dismissed the criminal action. (b) A defendant may seek review of any ruling by the trial court pursuant to subsection (c) of Section 65.15 on appeal from conviction whether or not he has previously sought or obtained review of such ruling and notwithstanding the fact that the judgment of conviction is based upon a plea of guilty or nolo contendere.

Although the district court's opinion stated that it was treating the matter as an "interlocutory appeal pursuant to § 65.17 of the Guam Criminal Procedure Code", that section provided only for review by means of a writ. *See People of Territory of Guam v. District Court of Guam*, 641 F.2d 816 (9th Cir. 1981). The section was repealed in December of 1980. Our holding today is that the district court's appellate jurisdiction was based upon Guam Code Civ.Proc. § 272, rather than Guam Code Crim.Proc § 65.17.

3. *See State v. Trail*, 255 S.E.2d 900, 902 (W.Va. 1979); *State, In Interest of Atcheson*, 575 P.2d 181, 183 (Utah 1978); *Boyd v. State*, 341 So.2d 680, 683 (Ala.1976); *Interest of Doe*, 98 Idaho

40, 557 P.2d 634, 636 (1976); *In re Welfare of I.Q.S.*, 309 Minn. 78, 244 N.W.2d 30, 35 (1976); *State v. Evangelista*, 134 N.J.Super. 64, 338 A.2d 224, 227 (1975); *In re Doe*, 86 N.M. 37, 519 P.2d 133, 134 (1974); *Aye v. State*, 17 Md.App. 32, 299 A.2d 513, 517 (1973); *P.H. v. State*, 504 P.2d 837, 839 n. 1 (Alaska 1972); *Graham v. Ridge*, 107 Ariz. 387, 489 P.2d 24, 25 (1971); *Templeton v. State*, 202 Kansas 89, 447 P.2d 158, 161 (1968); *In re Doe I*, 50 Haw. 537, 444 P.2d 459 (1968); *In re Houston*, 221 Tenn. 528, 428 S.W.2d 303 (1968); *State v. Little*, 241 Or. 557, 407 P.2d 627, 628 (1965), *cert. denied*, 385 U.S. 902, 87 S.Ct. 208, 17 L.Ed.2d 133 (1966). In a number of states which do not allow pretrial appeal, the statutory appeal provisions differ from those in Guam. *See D.H. v. People*, 192 Colo. 542, 561 P.2d 5, 6 (1977) (transfer order not appealable because does not meet Colorado definition of finality); *In re Becker*, 39 Ohio St.2d 84, 314 N.E.2d 158, 159–60 (1974) (juvenile appeal statute permits appeal only of delinquency finding); *Commonwealth v. Croft*, 445 Pa. 579, 285 A.2d 118 (Pa.1971) (certification order not appealable

When we examine the decisions in other jurisdictions, we find that those having broad statutory language similar to Guam Code Civ.Proc. § 272 have been interpreted as permitting a juvenile to appeal a certification order immediately after the order's entry.[4] Further, in the jurisdictions allowing pretrial review, the statutes, like that of Guam, require review, not of the adult court indictment but of the juvenile court certification order.[5] It is overwhelmingly held by courts addressing the question, that such review is the only, and hence the final review available.[6] We therefore hold that the district court properly had jurisdiction under section 272 to review the certification decision.[7] Under the standard suggested by *Cox Broadcasting*, we have jurisdiction over this appeal from the District Court of Guam.[8]

On the merits, the appellant's principal claim is that the failure of the juvenile court to make an investigation into motive was a denial of due process. In the context of juvenile certification procedures, due process requires the rights to counsel, to adequate notice and to a statement of reasons at a hearing to determine whether a juvenile is to be tried as an adult. *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Harris v. Procunier*, 498 F.2d 576 (9th Cir.) (en banc), *cert. denied*, 419 U.S. 970, 95 S.Ct. 235, 42 L.Ed.2d 186 (1974). Those requirements were met in this case. A day-long hearing was held, attended by appellant, his mother and his counsel. A written decision was rendered and there is no claim of denial of access to records.

Appellant challenges only the failure to investigate into the reason behind the murder. The specific factors to be considered

under statute which permits rehearing after order "committing" or "placing" child); *People v. Jiles*, 43 Ill.2d 145, 251 N.E.2d 529, 530 (1969) (court refused to exercise rule-making power to permit review of transfer order). *But see In re T.J.H.*, 479 S.W.2d 433, 434 (Mo.1972); *Kent v. Reid*, 316 F.2d 331, 334 (D.C.Cir.1963). The Hawaii Supreme Court in *In re Doe*, 50 Haw. 537, 444 P.2d 459, 460 (1968) argues persuasively that the *Kent* decision should be limited to its facts. Moreover, since the *Kent* decision, the District of Columbia has changed its juvenile statute to allow immediate appeal. *See Choco v. United States*, 383 A.2d 333 (D.C. App.1978).

4. *Boyd v. State*, 341 So.2d 680, 683 (Ala.1976); *In re Doe*, 86 N.M. 37, 519 P.2d 133, 134 (1974); *In re Houston*, 221 Tenn. 528, 428 S.W.2d 303 (1968). *See Interest of Doe*, 98 Idaho 40, 557 P.2d 634, 636 (1976). *But see Interest of Clay*, 246 N.W.2d 263, 265 (Iowa 1976).

5. *See cases cited in first sentence of footnote 3 supra.*

6. *See State v. Stanley*, 60 Haw. 527, 592 P.2d 422, 425–26 (1979), *cert. denied*, 444 U.S. 871, 100 S.Ct. 149, 62 L.Ed.2d 97 (1979); *State v. Harwood*, 98 Idaho 793, 572 P.2d 1228, 1230 (1977); *People v. Chi Ko Wong*, 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976, 983–85 (1976), *overruled on another ground sub nom. People v. Green*, 27 Cal.3d 1, 164 Cal.Rptr. 1, 609 P.2d 468 (Sup.Ct.1980) (en banc); *Aye v. State*, 17 Md.App. 32, 299 A.2d 513 (1973); *State v. Briggs*, 245 Or. 503, 420 P.2d 71, 73 (1966); *State v. Loray*, 46 N.J. 179, 190, 215 A.2d 539, 545 (1965).

7. We do not agree with the Territory of Guam's argument that section 272 does not permit appeals from certification orders. The Territory relies on the fact that the section provides that if the order appealed from is affirmed, the district court should remand to the jurisdiction of the juvenile court. The Territory argues that if the legislature contemplated appeals from certification orders, the remand on affirmance would be to the Guam superior court rather than to the juvenile court.

The certification order, however, is an action of the juvenile court. It is therefore appropriate to remand the action to the juvenile court. Where a certification order has been affirmed, section 272 requires the juvenile court to reassume "jurisdiction . . . in the same manner as if no appeal had been taken." The jurisdiction over the juvenile is immediately transferred upon remand from the juvenile court to the Guam superior court.

8. We do not reach the question whether a juvenile may attack a certification order on post-conviction appeal if he fails to seek appellate review of the certification order prior to trial as an adult. We also do not decide whether a juvenile may challenge a certification order on post-conviction appeal if the District Court of Guam refuses to exercise its discretionary appellate authority under section 272. Appeal to this Court from the denial of a motion to dismiss the criminal indictment is not proper. *Guam v. Lefever*, 454 F.2d 270 (9th Cir. 1972).

and the weight to be given to each, however, are discretionary. A list of factors is contained in a policy memorandum appended to *Kent v. U. S., supra*, 383 U.S. at 565, 86 S.Ct. at 1059, and quoted by the district court in this case. These factors include: the seriousness of the crime; whether it was violent or premeditated; whether the crime resulted in personal injury; the prosecutive merit of the complaint; the sophistication of the juvenile; prior record and contacts with the youth authority; and the prospects for rehabilitation. It is clear that the juvenile court took these considerations into account. While investigation into motive may be advisable in some cases, the serious nature of the crime, the premeditation and sophistication involved in this murder, and the fact that appellant would be subject to juvenile jurisdiction for only two months justified certification in this case.

Affirmed.

POOLE, Circuit Judge, dissenting:

I respectfully dissent.

The panel is agreed that the jurisdiction of this court to review the decision of the United States District Court for the District of Guam, Appellate Division, which affirmed the order certifying Kingsbury for trial as an adult, exists if at all by virtue of 28 U.S.C. § 1291. Maj.Op., at 742; *See Corn v. Guam Coral Co.*, 318 F.2d 622, 624 (9th Cir. 1963); *accord, Agana Bay Development Co. v. Supreme Court of Guam*, 529 F.2d 952, 960 n.1 (9th Cir. 1976) (Kennedy, J., dissenting). Section 1291 permits appeals only from "final orders" and this circuit has held that the finality determination is a function of federal law. *See Corn v. Guam Coral Co., supra*, 318 F.2d at 624.

At least since *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and as recently as *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. ——, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court has carefully described the

considerations relevant to determining whether a district court's order is final and reviewable under § 1291. It therefore comes as some surprise that in analyzing appellate jurisdiction in this case, the majority ignores § 1291 and the formidable host of authorities analyzing it and draws instead an analogy to 28 U.S.C. § 1257—a statute which has nothing to do with the jurisdiction of any circuit court of appeals.[1] As I find this analogy puzzling, unnecessary and irrelevant, and as application of the finality principles of § 1291, and the current law of this circuit, compel the conclusion that an order of the Guam courts certifying a juvenile for trial as an adult simply is not final and therefore not appealable to this court before trial, I respectfully dissent.

### A

A final order of a district court for purposes of § 1291 is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), *quoting, Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). It is final "in the sense of terminating the criminal proceedings in the trial court." *United States v. MacDonald*, 435 U.S. 850, 857, 98 S.Ct. 1547, 1551, 56 L.Ed.2d 18 (1978).

There is absolutely no doubt that the order committing Kingsbury for trial in the superior court is not final in this sense. Kingsbury remains to be tried and criminal proceedings remain to be conducted. On its face, this order is no different from the panoply of pretrial determinations made before trial from which no interlocutory appeal is permitted.

Where, as here, criminal proceedings against appellant have not terminated, the Supreme Court has said that appellate jurisdiction to review pretrial rulings, such as the certification order before us, exists only

---

1. There may be cases in which an analogy to § 1257 would be useful in determining whether a final order exists under § 1291. *See* C. Wright, *Law of Federal Courts*, § 101, p. 510 (3d ed. 1976). The analogy is unnecessary in this case, however, where the law of § 1291 may be applied so readily.

if the order falls within the "narrow class" of collateral final orders described in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *See Firestone Tire & Rubber Co. v. Risjord, supra*, 101 S.Ct. at 674 (if the litigation from which a challenged order arises has not terminated, review is possible under § 1291 only under the *Cohen* collateral order exception). The majority errs in its failure to apply the principles of *Cohen*.

### B

To qualify as a collateral order, reviewable before proceedings in the trial court have terminated,

> [t]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

*Coopers & Lybrand v. Livesay, supra*, 437 U.S. at 468, 98 S.Ct. at 2458 (stating the *Cohen* test); *see also Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). Assuming, solely for the purposes of this analysis, that the certification order possesses the first two characteristics of a collateral final order in the sense that Kingsbury's certification for trial as an adult has been conclusively determined by the Guam courts and that certification is a separate determination from the merits of the criminal trial yet to occur, the order still is not subject to interlocutory review by this court because denial of review now will not prevent consideration of the certification order upon appeal to us from final judgment.

### C

The third requirement of *Cohen* is interpreted practically. Even if review of a claim might be possible after a final judgment, it may qualify as a collateral final order if the right asserted in the interlocutory appeal amounts to a right not to have the trial continue. *See Abney v. United States, supra*, 431 U.S. at 660, 97 S.Ct. at 2040. There is no suggestion in this case

that if the certification was in error Guam may not prosecute Kingsbury. The certification determines the forum in which criminal proceedings will take place, not whether such proceedings will take place at all. Hence, this is not one of those extraordinary rights which must be vindicated now if it is to be vindicated at all. *See also United States v. Layton*, 645 F.2d 681 (9th Cir. 1981) (claim of lack of subject matter jurisdiction not appealable as collateral order); *United States v. Wilson*, 639 F.2d 500, 502 (9th Cir. 1981) (claim of selective prosecution); *United States v. Griffin*, 617 F.2d 1342, 1344 (9th Cir. 1980) (claim of vindictive prosecution).

An interlocutory appeal will be permitted under § 1291 when denial of such an appeal would render any appellate review of the claim impossible as where review after final judgment is not permitted. *See e. g., United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). Recent precedent of this circuit makes clear, however, that the propriety of an order certifying a juvenile for trial in the Guam superior court is properly considered by this court after conviction and appeal to the Guam district court.

In *Guam v. Lefever*, 454 F.2d 270 (9th Cir. 1972) (per curiam), we held that the refusal of the Guam district court to dismiss an indictment based on the appellant's allegation that he was subject to the exclusive jurisdiction of the Guam juvenile court was not a final appealable order under § 1291 because the order "may be fully reviewed by this court if and when Lefever is convicted and sentenced." *Id.* at 271. *Lefever* cannot be meaningfully distinguished. Jurisdiction over a person under 18 years of age may be transferred from the Guam juvenile court to the superior court only by certification pursuant to Guam Civ.Pro. Code § 255. A challenge to the superior court's jurisdiction, or a claim that the juvenile court is the exclusive forum for trial, is necessarily a challenge to the certification order which causes the transfer.

Because *Lefever* contemplates post-trial review in this court of alleged defects in the

jurisdiction of the Guam superior court over minors, denial of interlocutory review of certification orders would not deprive Kingsbury of his right to later consideration by this court of the propriety of the certification on appeal from final judgment. The third requirement of *Cohen* is not satisfied, a Guam juvenile court certification order pursuant to § 255 is not a collateral final order and appellate jurisdiction under § 1291 is not available. The appeal should be dismissed.

### D

The majority forsakes the clarity of the principles of § 1291 finality and in so doing both adopts an unduly restrictive view of Guam law and unnecessarily raises disturbing questions about the determination of our jurisdiction.

### 1

The majority concludes that under Guam Civ.Pro.Code § 272, an order of certification transferring a minor to the superior court for trial is reviewable in the district court's appellate division only by interlocutory appeal before trial and that failure to raise the claim prevents later consideration of it after final judgment.

Nothing in § 272, its history or any court decision is cited to support this narrow interpretation, and indeed no authority for that bare conclusion exists. By its terms, § 272 provides in part:

> An interested party aggrieved by order or decree of the court may apply to the District Court of Guam for the allowance of an appeal, and the said court may allow such appeal whenever in the opinion of said court the order or decree ought to be reviewed.

There is no timing component to § 272 which suggests it will apply only before trial.

In defense of its interpretation, the majority analogizes § 272 to other state statutes and decisions of some state courts limiting review of certification orders to interlocutory appeals. These cases are so wed to local statutes and procedures, many of which are unlike § 272, that the analogy is but an illusion.

To illustrate, in *People v. Chi Ko Wong*, 18 Cal.3d 698, 557 P.2d 976, 135 Cal.Rptr. 392 (1976), the California Supreme Court held that a certification order may be reviewed only before trial and not after. The ruling was based, however, on the fact that in California, the right to appeal in a criminal case is a right conferred by the legislature and it had not been conferred to permit review of certifications. *Id.* Therefore, the only means of review available was deemed to be by extraordinary writ before trial. Yet, as the majority holds, the Guam legislature confers a right of appeal in § 272. *Chi Ko Wong* is therefore not only distinguishable but its analysis cannot be used to limit the appeal right in § 272 because the case is peculiarly based on the absence of any right in California.[2]

The analogies drawn by the majority fail to persuade that the right to appeal a certification order exists only before trial under § 272.

### 2

Having restricted the scope of § 272 by its own definition, the majority concludes that this court must review the certification order before trial, if at all, because Guam law does not permit review by the district court after trial. Maj.Op., at 743. This is a disturbing revelation.

The Guam legislature may determine the jurisdiction of the appellate division of the district court over decisions of the Guam territorial courts. 48 U.S.C. § 1424(a); *Territory of Guam v. Olsen*, 431 U.S. 195, 200,

2. Similarly, other state cases cited by the majority in its meandering analogy, such as *State v. Stanley*, 60 Haw. 527, 592 P.2d 422, 425–26, *cert. denied*, 444 U.S. 871, 100 S.Ct. 149, 62 L.Ed.2d 97 (1979), and *State v. Briggs*, 245 Or. 503, 420 P.2d 71, 73 (1966), are patently inapposite. Both the statutes which the courts interpreted permitted appellate review of "final orders" of the state trial courts. Unlike § 272, the very terms of the state jurisdictional statutes included an element specifying the time for review—at the point of finality. Section 272 contains no such element.

97 S.Ct. 1774, 1778, 52 L.Ed.2d 250 (1977). The essence of the majority's analysis is that Guam limits appeals under § 272 to before trial, and therefore our review can exist only before trial. Linkage of this court's jurisdiction to that which the Guam legislature may grant to the district court's appellate division would mean that the Guam legislature has the power to control the scope of review by this court of cases coming from a district court of the United States. If this were so, Guam could create categories of interlocutory appeals to the Ninth Circuit by permitting only interlocutory appeals to the Guam district court. I do not think that any legislative body, other than Congress, can control the jurisdiction of Article III courts. Control has never been left to territorial legislatures.

In *People of the Territory of Guam v. Okada*, 642 F.2d 287, 288–89 (9th Cir. 1981), we held that the Guam legislature has no power to determine the jurisdiction of the Ninth Circuit Court of Appeals. The majority's theory is inconsistent with this principle and the analogy the majority draws to § 1257 and *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), reflects an important confusion of our relationship to Guam law and its courts.

The Supreme Court under § 1257 may review "final" decisions of a state's highest court, but only if those decisions present "federal questions." As to matters of state law, the Supreme Court is bound to accept the decision of the state's highest court. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In *Cox Broadcasting Corp. v. Cohn, supra*, the Court described four exceptions to the finality requirement of § 1257. The majority invokes the third of these, which applies in

> those situations where the federal claim has been finally decided, with further proceedings on the merits in the state courts to come, but in which later review of the federal issue cannot be had whatever the ultimate outcome of the case. Thus, in these cases, if the party seeking interim review ultimately prevails on the merits, the federal issue will be mooted; if he were to lose on the merits, however, the *governing state law* would not permit him again to present his federal claims for review.

*Id.* at 481, 95 S.Ct. at 1039 (emphasis added).

The reason for the third *Cox Broadcasting* exception must be understood in light of our federal system. The Court has long held that to preserve a federal question for consideration in the Supreme Court after state proceedings, the federal question must be "seasonably raised in accordance with the requirements of state law. Noncompliance with such local law can thus be an adequate state ground for a decision below." *Edelman v. California*, 344 U.S. 357, 358–59, 73 S.Ct. 293, 294–95, 97 L.Ed. 387 (1953) (citations omitted). An adequate state ground for decision, such as a procedural rule requiring a claim be raised at the time specified by the state, may preclude Supreme Court review. *See North Dakota Board of Pharmacy v. Snyder's Drug Stores, Inc.*, 414 U.S. 156, 163–64, 94 S.Ct. 407, 412–13, 38 L.Ed.2d 379 (1973) (applying the third *Cox Broadcasting* exception). Thus, when state procedural rules permit only interlocutory presentation of federal questions, and prevent their later presentation, the Supreme Court may consider the state's ruling on the only federally reviewable issue—the federal question—final and subject to review under § 1257. *Cox Broadcasting Corp. v. Cohn, supra*, 420 U.S. at 481, 95 S.Ct. at 1039. If the Court does not do so, review may be impossible later because of the state procedural rule.

The majority errs in assuming that determinations of Guam law have a preclusive effect on our jurisdiction, akin to that of state law on the Supreme Court. Unlike Supreme Court review of state decisions, we may review all aspects of a decision of the Guam courts; we are not limited to a consideration of "federal questions." By granting the Ninth Circuit jurisdiction over the Guam district court pursuant to § 1291, Congress provided for review even of "cases raising only issues of local law...." which

arose originally in territorial courts. *Territory of Guam v. Olsen, supra,* 431 U.S. at 199 n.6, 97 S.Ct. at 1777. Indeed the majority decides a question of Guam law when it narrowly construes § 272. The underpinnings of the third element of *Cox Broadcasting* therefore do not apply in the case of Guam.[3] We need not address the "federal issues" now lest otherwise they become lost in impenetrable determinations of Guam law; we may consider those decisions of Guam law as well when federal rather than Guam legal principles call for such review. This is not a situation, as in *Cox Broadcasting,* where the extent of federal review is limited to "federal questions" and state law determines when those must be presented.

Because *Cox Broadcasting* is based on entirely different principles which do not apply in the case of Guam, I cannot agree that the jurisdiction of this court under § 1291 to review a decision of a district court hinges upon when the Guam legislature elects to permit the district court to address the question. I am particularly unprepared to do so when the principles of appellate finality under § 1291 and *Guam v. Lefever, supra,* readily dispose of the jurisdictional question presented in this case. I would dismiss the appeal for the reasons herein set forth.

---

**3.** As to matters of purely local Guam law, we apply a deferential standard of review. *See, e. g., People of the Territory of Guam v. Dela Rosa,* 644 F.2d 1257, 1260 (9th Cir. 1981) (per curiam). But the deferential standard is "founded on sound policy" and is designed to assure the orderly development of territorial government in matters of local policy. *See*

*Bonet v. Texas Co.,* 308 U.S. 463, 470–71, 60 S.Ct. 349, 353–54, 84 L.Ed. 401 (1940); *Diaz v. Gonzalez,* 261 U.S. 102, 105–06, 43 S.Ct. 286, 287–88, 67 L.Ed 550 (1923). In matters of purely state law, it is the Constitution, not principles of policy, which limits the scope of federal review. *See Erie Railroad Co. v. Tompkins, supra,* 304 U.S. at 80, 58 S.Ct. at 823.