202 N.J. Super. 410 (1985)
495 A.2d 172
STATE OF NEW JERSEY IN THE INTEREST OF R.L., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted May 20, 1985.
Decided July 15, 1985.
Before Judges FRITZ, GAULKIN and LONG.
George L. Schneider, Essex County Prosecutor, attorney for movant State of New Jersey (Marc J. Friedman, Assistant Prosecutor, on the brief).
*411 Joseph H. Rodriguez, Public Defender, attorney for respondent R.L. (Tina R. Boyer, Assistant Deputy Public Defender, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
R.L., a juvenile, was charged with delinquency for acts which if committed by an adult, would constitute murder (N.J.S.A. 2C:11-3). On motion of the prosecutor pursuant to N.J.S.A. 2A:4A-26, the Chancery Division  Family Part waived jurisdiction and referred the complaint "to the Prosecutor of Essex County and to the Criminal Part for further proceedings as an adult." R.L. filed a notice of appeal to this court, characterizing the waiver order as a "final order." The State now moves to dismiss the appeal, urging that a waiver order is interlocutory and thus appealable only upon leave granted by this court.
R. 2:2-3(a)(1) permits appeals to be taken to this court "as of right ... from final judgments of the Superior Court trial divisions"; R. 2:2-4 permits us to "grant leave to appeal, in the interest of justice, from an interlocutory order of a court." The narrow but important question presented is whether a juvenile waiver order is a "final judgment" within the meaning of R. 2:2-3(a)(1) or whether it is an "interlocutory order" within the meaning of R. 2:2-4.
The term "final judgment" as used in R. 2:2-3(a)(1) and its predecessors has long and consistently been interpreted as meaning a judgment "disposing of all issues as to all parties." Hudson v. Hudson, 36 N.J. 549, 553 (1962); Nicholas v. Sugar Lo Co., 192 N.J. Super. 444, 450 (App.Div. 1983), certif. den. 96 N.J. 284 (1984). That interpretation is designed to avoid piecemeal adjudication of controversies. Hudson, 36 N.J. at 552-53. Tested by that standard, an order transferring a prosecution from one division of the Superior Court to another can only be characterized as interlocutory, for it disposes only of the *412 threshold jurisdictional issue. Cf. In re Old Colony Coal Co., 49 N.J. Super. 117 (App.Div. 1958).
R.L. acknowledges that the waiver order "does not finally dispose of the case." But he urges that it should be treated as "final" because it "absolutely disposes of his right to remain within the juvenile system and not be subject to criminal prosecution" and that his "rights to be free from publicity and ... not to undergo the very process of a criminal trial" would be "irreparably lost" if he is deprived of interlocutory review. Those considerations do not persuade us that the waiver order is appealable as a matter of right.
We recognize that "the waiver of jurisdiction is a `critically important' action determining vitally important statutory rights of the juvenile." Kent v. United States, 383 U.S. 541, 556, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84 (1966). But neither the importance nor the immediate effect of the waiver order transforms it into a "final judgment." Many critical determinations having immediate effect are made by interlocutory orders; yet our cases consistently hold them reviewable prior to final judgment only upon leave granted. See, e.g., State v. Davis, 96 N.J. 611 (1984) (rejection of expert testimony in penalty phase of capital murder case reviewable prior to judgment only on leave granted); State v. Leonardis, 71 N.J. 85 (1976), reh'g 73 N.J. 360 (1977) (defendant's rejection for pretrial intervention appealable prior to conviction only by leave); Gloucester v. Pub. Emp. Rel. Comm., 55 N.J. 333 (1970) (order of PERC certifying a negotiation unit or directing an election is interlocutory); United Cannery Maintenance v. Local 80-A, 16 N.J. 264 (1954) (order requiring witnesses to answer questions propounded at depositions appealable only by leave granted); Kriegsman v. Kriegsman, 150 N.J. Super. 474 (App.Div. 1977) (order denying application to be relieved as attorney appealable only on leave granted). In a few narrowly circumscribed situations, the Supreme Court has permitted interlocutory orders to be appealed as of right, but it has done so through the adoption of rules specifically granting such rights of appeal. See R. 4:42-2 (certification *413 by trial judge that "there is no just reason for delay")[1]R. 5:8-6 (final custody order in bifurcated family action); R. 5:10-6 (order entered on preliminary hearing in adoption action).
In support of his contrary contention, R.L. relies principally on State v. Evangelista, 134 N.J. Super. 64 (Law Div. 1975), which held that juvenile waiver orders "should be considered final orders or judgments." Id. at 68. We find the analysis in Evangelista unpersuasive. The trial judge there did not refer to, much less discuss, our court rules or case law governing appeals from interlocutory or final orders. Rather he relied upon what he found to be "the prevailing view in the country" and his observation that "New Jersey courts have permitted direct appeal from referral hearings in the past," citing State v. Loray, 46 N.J. 179 (1965), State v. Tuddles, 38 N.J. 565 (1962) and State v. Van Buren, 29 N.J. 548 (1958). See also State in the interest of C.A.H. and B.A.R., 89 N.J. 326 (1982). It is not at all clear that the "prevailing view" is, or ever was, that waiver orders are immediately appealable as of right. See Note, "Review of Improper Juvenile Transfer Hearings," 60 Va.L.Rev. 818, 837 (1974); D.H. v. People, 192 Colo. 542, 561 P.2d 5 (Sup.Ct. 1977); In re Juvenile Appeal, 195 Conn. 303, 488 A.2d 778 (Sup.Ct. 1985); Mitchell v. State, 351 So.2d 1142 (Fla.Ct.App. 1977); Buchanan v. Commonwealth, 652 S.W.2d 87 (Ky.Sup.Ct. 1983); Matter of Welfare of Lewis, 89 Wash.2d 113, 569 P.2d 1158 (Sup.Ct. 1977). In any event the case law of other jurisdictions is of little guidance because those holdings turn principally upon the varying provisions of local statutes. See People v. Jiles, 43 Ill.2d 145, 251 N.E.2d 529 (Sup.Ct. 1969). And we find no guidance at all from the fact that our Supreme Court has reviewed waiver orders prior to final judgment where the State apparently interposed no objection.
*414 We are not insensitive to the difficulty which can result from deferring appellate review of a waiver order:
The principal advantage of immediate appeal is avoidance of the reconstructed waiver hearing, the proceeding necessary when an appellate court finds a defect in the original waiver hearing after the person waived is, because of the time consumed by the criminal trial, beyond the age jurisdiction of the juvenile court. The appellate court which upholds a waiver appeal must either free the improperly waived individual  because neither juvenile nor criminal court has jurisdiction  or reconstruct the waiver process to determine if a hearing free from error would have resulted in waiver. The reconstructed hearing must attempt to imagine the juvenile as he or she was at the time of the original hearing.
Institute of Judicial Administration and American Bar Association, Juvenile Justice Standards Relating to Transfer between Courts, § 2.4 at 53 (1980). See also Note, supra, 60 Va.L.Rev. at 836-38.[2] Those considerations, however, must be weighed against the public interest in the prosecution of criminal cases with all reasonable dispatch (State v. Appice, 23 N.J. Super. 522, 530 (App.Div. 1952), aff'd 13 N.J. 286 (1953), cert. den. 346 U.S. 939, 74 S.Ct. 380, 98 L.Ed. 427 (1954)) and in the avoidance of fragmented litigation. Hudson, 36 N.J. at 552-53. R. 2:2-4 calls for such competing demands to be weighed on a case-by-case basis as "the interest of justice" may indicate. There is no sound reason for us to circumvent that procedure, readily available on a R. 2:2-4 motion, by denominating the waiver order as a "final judgment" appealable of right.
We accordingly hold that a juvenile waiver order is an interlocutory order which may be appealed only by leave granted under R. 2:2-4. The contrary holding of State v. Evangelista is overruled. The appeal is dismissed. Recognizing, however, *415 that the improvident filing resulted from counsel's reasonable reliance on Evangelista, we grant leave to R.L. to file a motion for leave to appeal within 15 days following the issuance of this opinion. See R. 2:8-1.
NOTES
[1] Indiscriminate application of this rule has been criticized. DiMarino v. Wishkin, 195 N.J. Super. 390 (App.Div. 1984); Delbridge v. Jann Holding Co., 164 N.J. Super. 506 (App.Div. 1978).
[2] R.L. also argues that the waiver order deprives him of the right to be incarcerated separate from adults pending trial and exposes him to publicity. But N.J.S.A. 2A:4A-36 a permits the court waiving jurisdiction to determine "whether to remand the juvenile to a juvenile or adult detention facility." And N.J.S.A. 4A-60 d and g provide for public disclosure of juvenile adjudications and for public attendance at delinquency proceedings.