The PEOPLE OF the TERRITORY OF GUAM, Appellee,

v.

Edwin Anthony QUINATA, Appellant.

No. 85–1205.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1986.

Decided March 26, 1986.

# 813

Margaret Bean, Asst. Atty. Gen., and Vance Guerena, Asst. U.S. Atty., Agana, Guam, for appellee.

Howard G. Trapp, Trapp & Untalan, Agana, Guam, for appellant.

Before POOLE, BEEZER and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

## I.

On November 18, 1980, Edwin Quinata allegedly joined two of his cousins in an attack on a man with whom they were drinking. The victim died. The next day, Quinata turned eighteen. On November 29, 1980, Guam filed a manslaughter charge against him in the Superior Court of Guam, Adult Division. Quinata quickly won dismissal of the charge when it was discovered that he had been a minor when the homicide occurred.

Guam then filed a petition alleging manslaughter in the Juvenile Court Division of Superior Court. Quinata successfully moved to dismiss the petition on the ground that he was no longer a juvenile, but the Appellate Division of the District Court of Guam reversed. Quinata appealed and in *Guam v. Quinata,* 704 F.2d 1085 (9th Cir.1983), we affirmed, holding that the Juvenile Division had jurisdiction even though Quinata had turned eighteen.

In October 1983, the case was remanded to the Juvenile Division and Guam moved to certify the defendant for criminal proceedings in the Adult Division. The Juvenile Division, after a lengthy hearing, granted the motion; the Appellate Division affirmed the certification.[1] Quinata now appeals arguing that the statute of limitations for manslaughter has run so that the prosecution can no longer be maintained.[2]

## II.

Under the law of Guam, prosecutions for felonies other than murder must begin within three years of their commission. 8 Guam Code Ann. § 10.20 (1982). "A prosecution is commenced when either an indictment is presented ... or a complaint is filed." *Id.* § 10.70. Since Quinata has not been indicted, this case turns on whether a complaint has been filed. Guam law defines a complaint as a written statement of the essential facts constituting the offense, signed by the prosecuting attorney and filed with a judge of the Superior Court. *Id.* § 15.10.

A petition in the Juvenile Division, like a complaint or indictment in the Adult Division, is meant to inform the defendant of the offense the state accuses him of having committed. On December 15, 1980, less than a month after the alleged homicide, Guam filed a petition against Quinata charging that "on or about the 18th day of November, 1980, in the Territory of Guam ... the said Edwin Anthony Quinata did

---

1. Unless interrupted by appeals, the normal post-certification procedure would have been for the defendant to go before a grand jury and, if indicted, to trial. In *Guam v. Lefever,* 454 F.2d 270, 270 (9th Cir.1972), this court held that an attack on certification after indictment (in the form of a motion to dismiss the indictment) was not reviewable because it was not sufficiently final. Quinata's case, however, comes within *Guam v. Kingsbury,* 649 F.2d 740, 743 (9th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981), which held that an attack on certification before indictment was sufficiently final for appellate review.

2. Quinata also contends that, due to the peculiar fact that two of the three Appellate Division judges who heard the case were not Guamanian, we should review de novo. Guam contends we should review only for patent error. Under either standard, the Appellate Division's interpretation of the statute of limitations should be upheld.

recklessly cause the death of another human being, to wit: Seven [sic] R. Thompson in violation of Section 16.40 of the Criminal and Correctional Code of the Territory of Guam."

■ Guam argues that this petition met the definition of a complaint. Quinata does not dispute that the petition states the essential facts nor that it was signed by a prosecuting attorney. He does contend that the petition cannot be a complaint because it was not filed in Superior Court, but in the Juvenile Court. However, the Guam Civil Procedure Code states:

> The Courts of justice of the territory of Guam consist of the Supreme Court and the Superior Court. The Judicial Council shall by rules ... create such divisions of the Superior Court as within its judgment may be desirable ... provided however, that *[one] of such divisions shall be the Juvenile Court Division, a court of record ....*

Guam Civ.Proc.Code § 51 (Supp.1974) (emphasis added). The petition is not labelled a complaint because, under the Juvenile Division's rules, the document filed to start a criminal proceeding against a juvenile must be designated a petition. Rules of Proc. for the Juv.Ct. of Guam 10(a); 12(c) (1970).

Were we to accept appellant's argument, a juvenile offender like Quinata could go free by pursuing numerous motions and appeals to delay the prosecution. If a petition did not start a criminal proceeding pursuant to section 10.70, the statute of limitations would not toll. 8 Guam Code Ann. § 10.50. Thus, even if the delay were occasioned entirely by the defendant, the limitations period might well run before the government could certify a defendant for trial as an adult. Nor could the government short circuit the delay by filing a complaint without certification. Any such complaint would be dismissed, as was the one filed in November 1980 against appellant, because the Juvenile Division has exclusive jurisdiction over youthful offenders. Guam Civ.Proc.Code § 252(a)(4) (1970).

Conclusion

This criminal prosecution began in December 1980 when Guam filed the petition against defendant in the Juvenile Division of the Superior Court, well within the three year period of limitations.

AFFIRMED.